BOWLING, Justice,
for the Court:
This appeal is under the provisions of Mississippi Code Annotated Section 11-1-17 (1972), providing that any party to litigation in the lower court may appeal if the lower court has not rendered a final decision within six months from the date the cause was taken under advisement or the final due date of the briefs. Appellants perfected their appeal under this statute, and, as required, the appeal is the same as if a final decree had been rendered adversely to them.
The appeal is from the Chancery Court of Tunica County. Planters Oil Mill, one of the appellees, filed its bill of complaint against Booneville Grain Company, Charles Crabb as executor of Grady E. Guntharp, *399 Mrs. Grady E. Guntharp, Sr., Grady E. Gun-tharp, Jr., R. B. Flowers, T. G. Flowers, Jr., Harry Flowers and Paul E. Gregory, Jr. The bill of complaint alleged that the Booneville Grain Company was insolvent and requested a decree of the court liquidating that corporation with proceeds first to be applied to a debt owed complainant in the sum of $159,408.36.
Mrs. Zora Guntharp, Grady E. Guntharp, Jr., individually, and as successor executor of the estate of his father, Grady E. Gun-tharp, Sr., deceased, filed their answer and cross-bill against the complainant, Planters Oil Mill, and R. B. Flowers, T. G. Flowers, Jr., Harry Flowers and Paul E. Gregory, Jr. The cross-bill was essentially a derivative stockholders action on behalf of Booneville Grain Company and its minority stockholders alleging that cross-defendants had committed fraudulent acts against the corporate structure of Booneville Grain Company; that the cross-defendants failed to handle the business of the Booneville Grain Company to the best interest of that corporation; that the individual cross-defendants were officers of both complainant and defendant corporations and thereby were in a fiduciary relationship and did not deal with the Booneville Grain Company in a proper manner and converted funds of Booneville Grain Company to Planters Oil Mill. The cross-bill of complaint requested judgment for the above alleged actions in the sum of $406,382.13.
The answer of the original defendants denied that the complainant was entitled to any relief, including liquidation of the corporation. During the oral arguments, however, the solicitor for defendants and cross-complainants joined in the request to liquidate the corporation but retained the prayer for monetary damages.
The history of Booneville Grain Company is quite interesting. The corporation was organized and the business started in 1966, at which time the shares of stock were divided equally between the Flowers group of Tunica and the Guntharp group composed of Grady E. Guntharp, Grady E. Gun-tharp, Jr., and Daisey Blanchard, Mr. Gun-tharp’s daughter. Each of the six persons received fifty shares. Guntharp became president and acted in that capacity and in the management of the company until his death in 1970. The three Flowers brothers paid the corporation $5,000 each for their shares. R. B. Flowers then loaned the Gun-tharp group $15,000 to buy their shares. This loan was never repaid. From its inception, Booneville Grain Company went down a rocky road and has never been solvent. The complainant and cross-defendant, Planters Oil Mill, on various occasions, loaned Booneville Grain Company large sums of money without interest. These loans were secured from the Boone-ville branch of the Peoples Bank & Trust Company of Tupelo, Mississippi. Marion Smith was branch manager. None of these loans were made to Booneville Grain Company without the personal endorsement of R. B. Flowers; otherwise, the loans would not have been made.
The record is clear that on numerous occasions Grady E. Guntharp committed acts of gross mismanagement and wrongful acts in regard to Booneville Grain Company. Some of these acts amounted to embezzlement. He appropriated large sums of money to his own use; he wrote company checks to his wife and son; he speculated in the cotton market with the funds of the corporation, and lost large sums of money in this manner that were illegally withdrawn from company funds. These actions of wrongdoing on the part of Guntharp persisted until his death, at which time it appeared that the corporation was hopelessly insolvent.
Shortly before Mr. Guntharp’s death, ten shares of stock in the corporation were transferred to Marion Smith, the banker. According to appellants, this was for the purpose of Smith consenting to act as executor of Guntharp’s estate upon his death. According to Smith, this was done out of gratitude for assistance he gave the corporation. After Mr. Guntharp’s death, Smith transferred these ten shares to R. B. Flowers, who in turn transferred them to Paul E. Gregory, Jr., one of the cross-defendants below.
*400 The corporate structure was reorganized after Guntharp’s death and R. B. Flowers became secretary-treasurer and gained control of the corporate operations and continued in that capacity until this suit was filed in November, 1974. The Booneville Grain Company continued operations of purchasing soybeans and immediately reselling them, which was the sole business carried on by the company. Appellants contend that during this period of time R. B. Flowers, for himself and the other appellees, entered into a course of business dealings with the soybean sales that resulted in decreased profits to Booneville Grain Company and increased profits to Planters Oil Mill. We will not go into these transactions in detail. It suffices to say that through the efforts of R. B. Flowers, Booneville Grain Company stayed in business although heavily in debt. A guaranteed percentage of profit was allocated to Booneville by Planters, although a large portion of the beans bought by Booneville Grain Company was sold through Planters. A margin of profit was allocated to Booneville that was greater than other grain elevators were receiving in the Booneville community.
No citation of authority is needed to recognize that R. B. Flowers and his two appellee brothers were in a fiduciary relationship with Booneville Grain Company. They were officers and directors of both corporations. Also no citation of authority is needed to recognize that in this capacity they had the duty of dealing fairly and with the utmost caution in regard to the business of Booneville Grain Company. This we find they did. There is no adequate proof in the record to make any finding that R. B. Flowers or the other appellees were guilty of fraud, mismanagement, waste, or any other act to the detriment of Booneville Grain Company. If it had not been for Flowers, Booneville would have been out of existence upon the death of Guntharp. Through the efforts of Flowers, the debts owed by Booneville were reduced so that at the time this cause was filed Booneville only owed Planters approximately $160,000, whereas upon the death of Guntharp, several times that figure was owed to Planters. Of course, this Court recognizes that the soybean buying and selling activities through Booneville after Guntharp’s death were carried on to secure the best tax benefits possible for all parties. This, however, certainly does not constitute fraud.
Appellants contend that the ten shares of Booneville Grain Company stock given Smith and then transferred to Flowers should be returned to the Guntharp group because of fraud. We find no justification whatever in this contention. At the time of the transfer from Smith to Flowers, these shares certainly were worthless.
The Court finds that there was no fraud or mismanagement committed by appellees in operating Booneville Grain Company from the time of Guntharp’s death until this litigation began. The proof is opposite to this contention. The actions of appellees kept Booneville operating until its final demise. At the time the suit was filed the company’s facilities were being rented to another company. We hold that there are no grounds for recovery by appellees under their cross-bill of complaint and it is dismissed.
We further find and hold that the prayer of the original bill of complaint be granted and that Booneville Grain Company be liquidated as provided by law; that out of the proceeds of such liquidation the first application of funds shall be to Planters Oil Mill in repayment of all or part of the debt owed Planters in the sum of $159,-408.36, and Planters is given judgment against Booneville Grain Company in the sum of $159,408.36.
If, after that distribution, any funds remain, they shall be distributed according to the records of the corporation regarding other debts and the holders of corporate stock.
The cause is remanded to the Chancery Court of Tunica County for the purpose of carrying out the mandate of this Court and the legal proceedings to effect the liquidation of Booneville Grain Company in accordance with this opinion.
*401 JUDGMENT HERE FOR APPELLEE, PLANTERS OIL MILL, ON ORIGINAL BILL OF COMPLAINT, AND JUDGMENT HERE FOR APPELLEES ON CROSS-BILL OF COMPLAINT, AND REMANDED.
PATTERSON, C. J., SMITH, P. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.