ON MOTION TO DISMISS APPEAL
DAN M. LEE, Justice,
for the Court:
On April 17, 1979, Dorothy Mabry sustained a compensable injury while working for Emerson Electric Company of Tupelo. She filed her claim for workmen’s compensation benefits and the employer offered no witnesses to dispute her claim. By order of the administrative judge entered on December 19, 1980, claimant was awarded $66.12 per week commencing on September 17, 1979, as permanent partial disability, together with all medical expenses and interest. The defendant failed to appeal from this final order of the administrative judge, and on January 19, 1981, claimant applied for a lump sum payment under Section 13j which was authorized on January 26, 1981.
The employer appealed the order of the full commission approving the lump-sum settlement to the Circuit Court of Lee County on April 22,1981, and shortly thereafter, it was assigned to Judge Thomas J. Gardner, III. However, Judge Gardner has not taken the case under advisement for a ruling or set a final due date for the filing of briefs.
Mississippi Code Annotated section 11-1-17 (1972) provides:
All chancellors or judges of the chancery and circuit courts of the state of Mississippi shall render their final decree on any and all matters taken under advisement by such chancellors of judges not later than six (6) months after the date when same are taken under advisement or not later than six (6) months after the date on which the chancellors or courts or judges set as a date for the final brief or memoranda of authority is required to be filed on or as to the cause taken under advisement, whichever is the latest date after the date on which the cause or case is taken under advisement.
In the event a final decree has not been entered within the six months period hereinbefore referred to, then any party to said law suit shall have the right to appeal on the record as otherwise provided the same as if a final decree has been rendered adversely. Said appeal shall be to the supreme court of the state of Mississippi and shall be treated as a preferred case over other cases except election contests.
From our prior decisions it is evident that section 11-1-17 does not apply to the case sub judice. The circuit court judge, as evidenced by his affidavit, has neither taken the case under advisement nor set a final due date for the filing of briefs in the cause. See Guntharp v. Planters Oil Mill, 358 So.2d 397 (Miss.1978). Therefore, an appeal will not lie under section 11-1-17.
However, we feel constrained to note that appellant’s remedy is by writ of mandamus, which may be filed immediately with this Court. If the Court acquires jurisdiction, appropriate action may be taken on appellant’s cause immediately for the circuit court to show cause why no action has been taken.
The circuit court judge's failure to act if without just cause will not be condoned by this Court. A litigant’s right to have his *679 cause prosecuted through the proper channels, without unnecessary delay, is of paramount importance. To unreasonably restrict or delay this right offends the very foundation of our judicial system. In light of the circuit court judge’s affidavit attached to the motion to dismiss which had the effect of further delaying the disposition of this case, some consideration may be given to assigning the appeal from the Workmen’s Compensation Commission to the Circuit Court of Lee County to another judge if the trial judge feels that he cannot give the case immediate consideration.
The motion to dismiss the appeal for lack of jurisdiction is hereby sustained.
APPEAL DISMISSED.
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE and HAWKINS, JJ., concur.
BOWLING, J., took no part.